# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>SQUARE, INC. a Delaware corporation; and Does 1-10<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>A. Trent Ruark, individually and on behalf of all others similarly situated | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**05/14/2019** at 01:56:36 PM<br><br>Clerk of the Superior Court<br>By Melinda McClure,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, San Diego<br><br>330 West Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2019-00024742-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Trenton Kashima, Finkelstein & Krinsk LLP ,550 W.C Street, Ste 1760, San Diego, CA 92101 619.238.1333

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | 05/15/2019 | Clerk, by<br>*(Secretario)*  M McClure<br>M. McClure | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br><br>under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)<br>  ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>  ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>  ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |

Page 1 of 1

FINKELSTEIN & KRINSK LLP
Jeffrey R. Krinsk, Esq. (SBN 109234)
jrk@classactionlaw.com
Trenton R. Kashima, Esq. (SBN 291405)
trk@classactionlaw.com
550 West C St., Suite 1760
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425

*Attorneys for Plaintiff
and the Putative Class*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/14/2019** at 01:56:38 PM

Clerk of the Superior Court
By Melinda McClure,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| **A. TRENT RUARK**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SQUARE, INC.** a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No:  37-2019-00024742-CU-BT-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  **VIOLATION OF CAL. CIVIL CODE §§ 1798.80,** *et seq.***;**<br><br>2.  **VIOLATION OF CAL. CIVIL CODE § 56,** *et seq.***;**<br><br>3.  **VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200,** *et seq.*<br><br>4.  **NEGLIGENCE**<br><br><u>**JURY TRIAL DEMANDED**</u> |

CLASS ACTION COMPLAINT

Plaintiff A. Trent Ruark ("Plaintiff") individually and on behalf of all others similarly situated, based on the investigation of counsel and his own individual knowledge as to Plaintiff's own circumstances, hereby complain against defendant Square, Inc. ("Square") as follows:

## I.    INTRODUCTION

1.    Square is a payment processing company based in San Francisco, California.  The company markets several software and hardware point-of-sale solutions and credit card processing services for small to mid-size businesses.  As part of its credit card processing services, Square provides electronic invoices to consumers for transactions using Square's payment processing.

2.    Square markets its credit card processing services specifically to health care providers by stating that Square will contractually safeguard the protected medical information of their customers:

> Square's approach to security is designed to protect both you and your customers.  If you are subject to **HIPAA as a Covered Entity or Business Associate** (as defined in HIPAA) and use the Services in a manner that causes Square to create, receive, maintain, or transmit Protected Health Information (PHI) on your behalf, then you agree to the **HIPAA Business Associate Agreement** ("HIPAA BAA").

*See* https://squareup.com/help/us/en/article/5091-hipaa-compliance (last accessed on May 6, 2019) (emphasis in original).

3.    Plaintiff is the patient of a health care provider that uses Square for its payment processing.  When Plaintiff paid for his medical services, he was surprised to learn that his invoice was sent *via* an unsecure text message and website to his friend.  Plaintiff has no idea how his friend's contact information became associated with his credit card or this particular transaction or never consented to his medical information being shared.

4.    This unauthorized disclosure results from Square's lack of any appreciable security measures to ensure that protected personal medical information (or any other receipt sent by Square) is not disclosed to third parties.  The use of such insecure communications to send personally identifiable medical information is a violation of both state and federal law, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the California Medical Information Act ("CMIA").

5.    Plaintiff brings this proposed class action lawsuit on behalf of himself and other

- 1 -

1  individuals whose protected personal and medical information has been compromised as a result of
2  Square's negligent approach to medical billing.  Plaintiff alleges that Square failed to adequately
3  secure the privacy of patients' medical information.  Plaintiff seeks injunctive relief requiring
4  Square to implement and maintain effective security practices that comply with regulations
5  designed to prevent and remedy these types of data breaches, as well as restitution, damages, and
6  other relief.

7  **II.    JURISDICTION AND VENUE**

8      6.    This Court has jurisdiction over this action pursuant to Article 6, § 10 of the
9  California Constitution, Code of Civil Procedure §§ 382 and 410.10.

10     7.    This Court has jurisdiction over Defendant because it is registered to conduct, and do
11 conduct, substantial business within California including providing payment processing services
12 within the state.   Additionally, Defendant is headquartered in California, and directs the business
13 practices at issue from this state.

14     8.    Venue is proper in this Court pursuant to Code of Civil Procedure § 395 because
15 Plaintiff's information was provided to Defendant in this County, and a substantial or significant
16 portion of the conduct complained of herein occurred and continues to occur within this County.

17 **III.   PARTIES**

18     9.    Plaintiff A. Trent Ruark was, at all times relevant hereto, a resident of California and
19 a citizen of California.  Plaintiff Ruark paid for healthcare services at a healthcare provider that uses
20 Square's credit card processing services on May 3, 2019.  The invoice for Plaintiff Ruark's
21 healthcare services was disclosed by Square to a third-party, without his consent, due to
22 Defendant's inadequate security practices.

23     10.   Defendant Square, Inc. is a Delaware corporation with its headquarters in San
24 Francisco, California.  Square knowingly provides credit card processing services to healthcare
25 providers and provides electronic invoices for those healthcare providers which contains protected
26 personal and medical information.

27 **IV.    SUBSTANTIVE ALLEGATIONS**

28     11.   Square markets and sells software and hardware to allow businesses to process credit

- 2 -

CLASS ACTION COMPLAINT

card credit transactions.   Square's payment software and point-of-sale solutions are targeted primarily at small businesses that want a simple, easy to use method for processing card credit payments.  Because Square contracts with businesses and not their customers, consumers who use credit cards at a business that uses Square cannot avoid using Square's services.

12.   As part of Square's marketing strategy, it advertises its goods and services to professionals, including doctors and other healthcare service providers.  Indeed, if you were to google "square" and "doctors," an advertisement would appear for "Square® for Doctors | It's Easy to Take Credit Cards" (*See below*).



Square is well aware that its services are being used to bill for medical services and actively seeks to provide payment services to a broad spectrum of healthcare providers.

13.   When Square processes a payment, it generally sends an electronic invoice to the holder or authorized user of the credit card associated with the payment *via* text message or email. This is known as an "Automatic Receipt" and is marketed as a feature of Square's payment processing.  Automatic Receipts are enabled by default, meaning that consumers will receive Automatic Receipts unless specifically unsubscribed from the Automatic Receipts option.

14.   In order to send Automatic Receipts, Square must associate a credit card number with either a cellular phone number or an email address.  Square explains: "After your first purchase at a Square seller, you'll have the option to provide your email address or phone number if you would like to receive digital receipts, either texted or emailed to you. Once you provide an email address, you'll start receiving digital receipts everytime you make a purchase with a Square Seller using the

- 3 -

payment card."[1] Put differently, once you allow Square to email or text a receipt of your credit card transaction, all future transactions with that card trigger an automatic receipt to the same phone number or email address.

15.   Nowhere during this process does Square disclose that it may send future medical invoices to the provided phone number or email address.  Nor does Square solicit consumer's consent to send electronic medical invoices.

16.   Often Automatic Receipts are sent to the wrong phone number or email address.  This may be due to an input error by the seller or purchaser, confusion created when a group of individuals pay for a good or service, when an individual wants a receipt to be sent to someone else for a particular purchase, or for a host of other reasons.  Automatic Receipts being sent to the wrong phone number or email address is such a regular occurrence that they address the issue on their website[2] and maintain a link at the bottom of each receipt to report that it is "Not Your Receipt?"

17.   Payment, and related invoices, for medical services should be confidential.  Under HIPAA and the CMIA, medical invoices which identify the patient are considered Protected Health Information ("PHI") and may not be disclosed to third parties without consent.  This obligation does not only apply to healthcare providers, but also to "Business Associates" and other contractors who provide administrative services to healthcare providers.  Indeed, Square is aware of HIPAA requirements because it has a "HIPAA Business Associate Agreement" for healthcare providers, which states its obligations to comply with HIPAA's requirements.

18.   Medical invoices are particularly sensitive because they contain information regarding the identity of the patient, the identity of the healthcare provider, the cost of the service provide, the date of the service, and basic payment information (such as the credit card used).  With this information an individual can often glean private medical information.  For example, the identity of the healthcare provider providing the invoice (*i.e.* a fertility specialist, addiction specialist, oncologist, plastic surgeon, psychiatrist, *etc.*) can readily divulge the nature of the

---

[1]   https://squareup.com/help/us/en/article/5212-automatic-receipts (last accessed on May 6, 2019).

[2]   *See* "What if I received a receipt that wasn't meant for me?" https://squareup.com/help/us/en/article/5212-automatic-receipts (last accessed on May 6, 2019).

- 4 -

1   treatment provided or the medical condition at issue.

2       19.    Under its HIPAA Business Associate Agreement, Square acknowledges that it is

3   subject to HIPAA's standards and requirements:

4           We will not Use or Disclose PHI other than as permitted or required by this HIPAA
            BAA or as required by law. We agree to use appropriate safeguards and to comply,
5           where applicable, with the Security Standards for Protection of Electronic Protected
            Health Information, 45 C.F.R. Part 164 Subpart C (the "Security Rule") with respect
6           to Electronic Protected Health Information, to prevent Use or Disclosure of the PHI
            other than as provided for by this HIPAA BAA.
7
8   https://squareup.com/us/en/legal/general/hipaa (last accessed on May 6, 2019).   These standards

9   require the electronic communications to be secure (*i.e.* encrypted) and for systems to be

10  implemented to prevent unauthorized access to PHI that is being transmitted over an electronic

11  communications network.   This applies to the transmission of medical invoices.

12      20.    Square, however, does not even take the most basic steps to ensure that PHI is being

13  secured or disclosed exclusively to an authorized recipient.   Square does not confirm a patient's

14  email address or phone number, or seek their authorization, prior to sending its Automatic Receipts

15  for medical invoices.   Nor when these Automatic Receipts are sent is there any authentication

16  procedure (such as a login process) to confirm that the person viewing the receipt is the person

17  authorized to view them.   And the Automatic Receipts are not encrypted in any way; they can be

18  viewed by anyone who happens upon the URL.

19      21.    Plaintiff's experience is a perfect example of Square's failure to protect PHI.   When

20  Plaintiff paid for a medical service using Square's credit card processing on May 3, 2019, the

21  invoice was sent *via* text message to Plaintiff's friend.   This text message provided a link to an

22  unsecure website that listed Plaintiff's name, provided a copy of Plaintiff's signature, the name and

23  address of the healthcare service provider, the cost of the services provided, the date the services

24  were provided, and the last four digits of the Plaintiff's credit card number.   Plaintiff was never

25  asked to confirm his cell phone number or email address when he was billed.   Plaintiff was not

26  asked to consent to receiving his invoice *via* an unsecured method.   Plaintiff's friend did not need a

27  login, password, or any other information to view Plaintiff's medical invoice online and this

28  unsecure webpage with Plaintiff's medical invoice is still online.   The text message was not secure,

- 5 -

and the website is accessible to anyone. Put simply, Square does absolutely nothing to secure this electronic communication of PHI, or to get a person's consent to send this information in the first place.

22. Because Square's business practices do not vary from person to person, or transaction to transaction, Square treats every medical invoice the same way. Accordingly, the illegal business practices described herein do not affect Plaintiff alone, but all Californians whose medical services are billed using Square.

23. Email and texting are not private means of communication and, generally, should not be used under HIPAA's Security Rule. However, Square violates HIPAA and the CMIA in other ways as well. Square should at least seek an individual's consent before sending information over unsecured emails, text messages, and websites. It does not.

24. Additionally, there is no reason for Square to use unsecured electronic communications to send medical invoices. Square could easily implement a method of user authorization or a secure communication process for billing involving healthcare providers (or any transaction). Alternatively, Square's payment systems allow Square to prevent Automatic Receipts from being used by specific sellers. Accordingly, if Square elected to do so, it could prevent Automatic Receipts being issued from healthcare providers, thus solving this problem. Yet, these common sense approaches are not taken.

Instead, Square elects to use *no security measures* when sending PHI. This business practice is illegal and leads to the unauthorized disclosure of PHI. Consequently, Plaintiff seeks compensatory damages, statutory damages, restitution, and injunctive relief on behalf of himself and the Class for Defendant's negligent handling and disclosure of their personal and medical information.

## V.    CLASS ALLEGATIONS

25. Plaintiff brings this action as a class action pursuant to California Code of Civil § 382 for the following Class of persons:

> All individuals who paid for health care services using Square's credit card processing services and who received an Automatic Receipt for such services.

CLASS ACTION COMPLAINT

Excluded from the Class are all legal entities, Defendant herein and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, as well as any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

26.     Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

27.     While the exact number of Class members is unknown to Plaintiff at this time, and will be ascertained through appropriate discovery.  There are thousands of members in the proposed Class.  The number of individuals who comprise the Class are so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit both the parties and the courts.

28.     Plaintiff's claims are typical of the claims of the other members of the Class. All members of the Class have been and/or continue to be similarly affected by Defendant's wrongful conduct as complained of herein, in violation of federal and state law.  Plaintiff is unaware of any interests that conflict with or are antagonistic to the interests of the Class.

29.     Plaintiff will fairly and adequately protect the Class members' interests and have retained counsel competent and experienced in consumer class action lawsuits and complex litigation. Plaintiff and their counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff is aware of their duties and responsibilities to the Class.

30.     Defendant has acted with respect to the Class in a manner generally applicable to each Class member. Common questions of law and fact exist as to all Class members and predominate over any questions wholly affecting individual Class members. There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all Class members. Among the questions of law and fact common to the Class are, *inter alia*:

a)      Whether Defendant had a legal duty to use reasonable security measures to protect the Class's personal and medical information;

b)      Whether Defendant acted reasonably in securing the Class's personal and medical information;

CLASS ACTION COMPLAINT

Case 3:19-cv-01196-GPC-KSC   Document 1-2   Filed 06/26/19   PageID.19   Page 11 of 24


c)     Whether Defendant negligently secured communications containing the Class's personal and medical information;

d)     Whether the Class's personal and medical information was improperly accessed and retained by a third-party;

e)     Whether the Class's medical information was disclosed to an unauthorized third-party;

f)     Whether Defendant violated California Civil Code sections 1798.81.5 by failing to implement reasonable security procedures and practices;

g)     Whether Defendant violated California Civil Code section 1798.82 by failing to notify Class members that their personal information had been compromised;

h)     Whether Defendant violated California Civil Code section 56.10 by failing to maintain the confidentiality of class members' medical information;

i)     Whether class members may obtain damages, restitution, declaratory, and injunctive relief against Defendant under Civil Code sections 1798.84, 56.36(b)(1), or under the UCL; and

j)     Whether Plaintiff and class members are entitled to damages, restitution and injunctive relief.

31.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to individually redress the wrongs done to them.  There will be no difficulty in managing this action as a class action.

32.    Defendant has acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

### FIRST COUNT
**For Violation of the California Customer Records Act,**
**California Civil Code Section 1798.80, *et seq*.**

33.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

- 8 -

CLASS ACTION COMPLAINT

34.     "[T]o ensure that personal information about California residents is protected," the California Legislature enacted Civil Code section 1798.81.5, which requires that any business that "owns, licenses, or maintains personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access."

35.     Defendant is a "business" within the meaning of Civil Code section 1798.80(a).

36.     Plaintiff and members of the Class are "individual[s]" and consumers within the meaning of the Civil Code section 1798.80(c) and (d).

37.     Pursuant to Civil Code sections 1798.80(e) and 1798.81.5(d)(1)(C), "personal information" includes an individual's name, debit card and credit card information, medical information, or health insurance information.

38.     Pursuant to Civil Code section 1798.81.5(d)(2), "medical information" is defined as "any individually identifiable information, in electronic or physical form, regarding the individual's medical history or medical treatment or diagnosis by a health care professional."

39.     By failing to implement reasonable measures to protect consumer's personal and medical information, Defendant violated Civil Code section 1798.81.5.

40.     The unauthorized and unsecured disclosure of thousands of individual's medical information constituted a "breach of the security system" of Defendant, pursuant to Civil Code section 1798.82(g).

41.     In addition, by failing to promptly notify all affected consumers that their personal information had been acquired (or was reasonably believed to have been acquired) by unauthorized persons, Defendant violated Civil Code section 1798.82.

42.     By violating Civil Code sections 1798.81.5 and 1798.82, Defendant "may be enjoined" under Civil Code section 1798.84(e).

43.     Accordingly, Plaintiff requests that the Court enter an injunction requiring Defendant to implement and maintain reasonable security procedures to protect customers' data in compliance with the California Customer Records Act, including, but not limited to: (1) ordering that Defendant, consistent with industry standard practices, to ensure only authorized individuals have

- 9 -

access to medical invoices; (2) ordering that Defendant engage third party security auditors and internal personnel, consistent with industry standard practices, to run automated security monitoring; (3) ordering that Defendant audit, test, and train its security personnel regarding any new or modified procedures; (4) ordering that Defendant purge, delete, destroy in a reasonable secure manner medical invoices not necessary for its business operations; (5) ordering that Defendant, consistent with industry standard practices, conduct regular securing checks; and (6) ordering that Defendant, consistent with industry standard practices, periodically conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach.

44.     Plaintiff, individually and on behalf of the members of the Class, seeks all other remedies available under Civil Code section 1798.84, including, but not limited to: (a) damages suffered by members of the class; and (b) equitable relief.  Plaintiff, individually and on behalf of the members of the Class, also seek reasonable attorneys' fees and costs under applicable law.

**SECOND COUNT**
**For Violation of the Confidentiality of Medical Information Act Under**
**California Civil Code § 56, *et seq*.**

45.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

46.     The CMIA, section 56.06, provides that "Any business that offers software or hardware to consumers, including a mobile application or other related device that is designed to maintain medical information, as defined in subdivision (j) of Section 56.05, in order to make the information available to an individual or a provider of health care at the request of the individual or a provider of health care, for purposes of allowing the individual to manage his or her information, or for the diagnosis, treatment, or management of a medical condition of the individual, shall be deemed to be a provider of health care subject to the requirements of this part."

47.     Section 56.10(c)(3) provides further that "The information may be disclosed to a person or entity that provides billing, claims management, medical data processing, or other administrative services for providers of health care or health care service plans or for any of the persons or entities specified in paragraph (2). However, information so disclosed shall not be

1  further disclosed by the recipient in a way that would violate this part."

2  48.  The CMIA requires Defendant to protect consumers' confidential medical
3  information and not release private medical information without signed proper authorization.

4  49.  Defendant has violated CMIA section 56.10 that states "[a] provider of health care,
5  health care service plan, or contractor shall not disclose medical information regarding a patient of
6  the provider of health care or an enrollee or subscriber of a health care service plan without first
7  obtaining an authorization."

8  50.  Defendant has violated CMIA section 56.26(a) that provides "No person or entity
9  engaged in the business of furnishing administrative services to programs that provide payment for
10  health care services shall knowingly use, disclose, or permit its employees or agents to use or
11  disclose medical information possessed in connection with performing administrative functions for
12  a program, except as reasonably necessary in connection with the administration or maintenance of
13  the program, or as required by law, or with an authorization."

14  51.  Section 56.36(b) of the CMIA states that "[i]n addition to any other remedies
15  available at law, an individual may bring an action against a person or entity who has negligently
16  released confidential information or records concerning him or her in violation of this part, for
17  either or both of the following: […] nominal damages of one thousand dollars ($1,000). In order to
18  recover under this paragraph, it is not necessary that the plaintiff suffered or was threatened with
19  actual damages [and] [t]he amount of actual damages, if any, sustained by the patient."

20  52.  Defendant violated the CMIA by negligently releasing Class members' medical
21  information to unauthorized thirty parties.  Defendant did not obtain class members' written
22  authorization to disclose or release their medical information, as required by 56.11.  As a result,
23  Class members' medical information was improperly retained, accessed and viewed.  The disclosed
24  data including Class members' clinical information, such as medical conditions, treatments,
25  diagnoses, and test results.

26  53.  Among other things, Defendant is and was negligent in failing to use reasonable
27  security procedures to prevent unauthorized access to invoices regarding medical services; failing to
28  use reasonable authentication procedures; by failing to notify Class members that their private

- 11 -

medical information may have been compromised; and by allowing unauthorized access to Class members' invoices regarding medical services, all in violation of the CMIA.

54.     On behalf of herself and the Class, Plaintiff seeks an order requiring Defendant to cease its violations of the CMIA. Among other things, Defendant should be required to stop negligently handling medical information and institute reasonable security procedures to protect medical information in compliance with the CMIA, including but not limited to: (1) ordering that Defendant, consistent with industry standard practices, to ensure only authorized individuals have access to medical invoices; (2) ordering that Defendant engage third party security auditors and internal personnel, consistent with industry standard practices, to run automated security monitoring; (3) ordering that Defendant audit, test, and train its security personnel regarding any new or modified procedures; (4) ordering that Defendant purge, delete, destroy in a reasonable secure manner medical invoices not necessary for its business operations; (5) ordering that Defendant, consistent with industry standard practices, conduct regular securing checks; and (6) ordering that Defendant, consistent with industry standard practices, periodically conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach.

55.     Plaintiff further seeks an award of at least $1,000 in nominal damages for each Class member whose information was discussed to an unauthorized email or text message recipient pursuant to section 56.36(b)(1) of the CMIA.  An award of nominal damages is necessary to deter future violations by Defendant.  Plaintiff, individually and on behalf of the members of the Class, also seek any other damages and reasonable attorneys' fees and costs.

### THIRD COUNT
#### For Unlawful and Unfair Business Practices Under
#### California Business and Professions Code § 17200, *et seq.*

56.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

57.     Defendant's acts and practices, as alleged in this complaint, constitute unlawful and unfair business practices, in violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*

- 12 -

58.   Square recognizes that it is subject to HIPAA when if provides medical invoicing and asserts under its "HIPAA Business Associate Agreement" that it is subject to certain legal requirements, including the Security Standards for Protection of Electronic Protected Health Information, 45 C.F.R. Part 164 Subpart C.

59.   45 CFR § 164.312 requires that Defendant to implement technical policies and procedures for electronic information systems that maintain electronic protected health information to allow access only to those persons authorized to do so, including unique name and/or number for identifying users and encrypting the electronic transmission of protected health information whenever deemed appropriate.

60.   Defendant's acts and practices, as alleged in this complaint, constitute unlawful and unfair practices in that they violate California Civil Code section 1798.80, *et seq*., and the CMIA, HIPAA.

61.   The acts, omissions, and conduct of Defendant constitute a violation of the unfair prong of the UCL because it failed to comport with a reasonable standard of care and public policy as reflected in statutes such as the Information Practices Act of 1977, Cal. Civ. Code § 1798, *et seq*., HIPPA, and the California Customer Records Act, Cal. Civ. Code § 1798.80, *et seq.*, which seek to protect individuals' data and ensure that entities who solicit or are entrusted with personal data utilize reasonable security measures.

62.   As a direct and proximate result of Defendant's unlawful business practices as alleged herein, Plaintiff and members of the class have suffered injury in fact.

63.   There is no countervailing benefit to competition in allowing Defendant to improperly disclose and negligently maintained medical information.

64.   As a result of Defendant's violations, Plaintiff and members of the class are entitled to injunctive relief, including, but not limited to: (1) ordering that Defendant, consistent with industry standard practices, to ensure only authorized individuals have access to medical invoices; (2) ordering that Defendant engage third party security auditors and internal personnel, consistent with industry standard practices, to run automated security monitoring; (3) ordering that Defendant audit, test, and train its security personnel regarding any new or modified procedures; (4) ordering

- 13 -

that Defendant purge, delete, destroy in a reasonable secure manner medical invoices not necessary for its business operations; (5) ordering that Defendant, consistent with industry standard practices, conduct regular securing checks; and (6) ordering that Defendant, consistent with industry standard practices, periodically conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach.

65.     Plaintiff, individually and on behalf of the members of the Class, seeks all other remedies available under UCL, including, but not limited to restitution and any other equitable relief.  Plaintiff, individually and on behalf of the members of the Class, also seeks reasonable attorneys' fees and costs under applicable law.

## FOURTH COUNT
### Negligence

66.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

67.     In collecting the personal, financial, and medical information for healthcare providers, Defendant owed Plaintiff and members of the Class a duty to exercise reasonable care in safeguarding and protecting that information.  This duty included, among other things, maintaining Defendant's security systems and taking other reasonable security measures to protect and adequately secure the personal data of Plaintiff and the class from unauthorized access.

68.     The duty Defendant owed to Plaintiff and members of the Class to protect their personal information is also underscored by the California Customer Records Act, CMIA and HIPAA, which recognize the importance of maintaining the confidentiality of personal and medical information and were established to protect individuals from improper disclosure of their medical information.

69.     Defendant recognizes that is legally and contractually obligated to follow the standards set out in HIPAA, including the Security Standards for Protection of Electronic Protected Health Information, 45 C.F.R. Part 164 Subpart C.

70.     Additionally, Defendant had a duty to timely disclose to Plaintiff and members of the Class that their personal information had been or was reasonably believed to have been

- 14 -

CLASS ACTION COMPLAINT

compromised.  Timely disclosure was appropriate so that Plaintiff and members of the Class could, among other things, take actions to prevent or mitigate the risk of associated with such disclosures.

71.    Defendant breached its duty to exercise reasonable care in protecting the personal information of Plaintiff and the Class by failing to implement and maintain adequate security measures to safeguard consumer's electronically transmitted PHI, such as encrypting the communications and requiring some method of user authentication.

72.    It was foreseeable that if Defendant did not take reasonable security measures, the PHI of Plaintiff and members of the Class would be improperly disclosed.  Corporations like Defendant face a higher threat of security breaches than other companies due in part to the sensitive and valuable nature of medical and financial data they possess.  Defendant should have known to take precaution to secure its Plaintiff's and members of the Class's information.

73.    As a direct and proximate result of Defendant's failure to exercise reasonable care and use commercially reasonable security measures, the PHI of the Class was accessed by an unauthorized individual.

74.    Plaintiff and the Class seek nominal damages, compensatory damages, and punitive damages, the costs of suit and attorneys' fees, and other and further relief as this Court deems just and proper.

## VI.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and the Class pray for relief and judgment as follows:

A.    For an order declaring that this action is properly maintained as a class action and appointing Plaintiff as a representative for the Class, and appointing Plaintiff's counsel as Class counsel;

B.    That Defendant bear the costs of any notice sent to the Class;

C.    For an order awarding Plaintiff and the members of the Class actual damages, restitution, and/or disgorgement;

D.    For an order enjoining Defendant from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

E.    For an order awarding Plaintiff and the members of the Class pre- and post-judgment

- 15 -

1   interest;

2       F.      For an order awarding attorneys' fees and costs of suit, including expert's witnesses

3   fees as permitted by law; and

4       G.      Such other and further relief as this Court may deem just and proper.

5   **VII.   JURY TRIAL DEMAND**

6       Plaintiff demands a trial by jury for all of the claims asserted in this Complaint so triable.

7

8   DATED: May 14, 2019                      Respectfully submitted,

9                                            FINKELSTEIN & KRINSK LLP

10

11                                           By:
                                             Jeffrey R. Krinsk, Esq.

12                                           Trenton R. Kashima, Esq.
                                             550 West C St., Suite 1760

13                                           San Diego, CA 92101
                                             Telephone:  (619) 238-1333
                                             Facsimile:  (619) 238-5425

14

15                                           Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      330 W Broadway<br>MAILING ADDRESS:   330 W Broadway<br>CITY AND ZIP CODE:   San Diego CA 92101-3827<br>BRANCH NAME:        Central | |

| Short Title: Ruark vs Square Inc [EFILE] | |
|---|---|

| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>37-2019-00024742-CU-BT-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | Trenton Kashima |
| On Behalf of: | A.Trent Ruark |
| Transaction Number: | 2643770 |
| Court Received Date: | 05/14/2019 |
| Filed Date: | 05/14/2019 |
| Filed Time: | 01:56 PM |
| Fee Amount Assessed: | $1,435.00 |
| Case Number: | 37-2019-00024742-CU-BT-CTL |
| Case Title: | Ruark vs Square Inc [EFILE] |
| Location: | Central |
| Case Type: | Business Tort |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| **Status** | **Documents Electronically Filed/Received** |
|---|---|
| Accepted | Complaint |
| Accepted | Original Summons |
| Rejected | Civil Case Cover Sheet |

RejectReason 1: Form(s) incomplete.

Comments to submitter 1: Civil Case Cover Sheet is a two page form.

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil Case Management<br>Conference | | 10/18/2019 | 01:30 PM | Central | C-71 |
| Civil Case Management<br>Conference | | 10/18/2019 | 01:30 PM | Central | C-71 |

**Electronic Filing Service Provider Information**

| | |
|---|---|
| Service Provider: | OneLegal |
| Email: | support@onelegal.com |
| Contact Person: | Customer Support |
| Phone: | (800) 938-8815 |

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Finkelstein & Krinsk LLP<br>Trenton R. Kashima, Esq. (SBN 291405)<br>550 W C Street, Suite 1760<br>San Diego, CA 92101<br>TELEPHONE NO.: 619.238.1333     FAX NO.: 619.238.5425<br>ATTORNEY FOR *(Name):* A. Trent Ruark | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, 92101<br>BRANCH NAME: Hall of Justice | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**05/22/2019** at 10:28:00 AM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |
| CASE NAME:<br>Ruark v. Square, Inc. | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter** ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2019-00024742-CU-BT-CTL<br>JUDGE: <br>DEPT: Judge Gregory W Pollack |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☑ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 4.
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 14, 2019

_____          _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
    or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

| PLAINTIFF(S) / PETITIONER(S): | A.Trent Ruark |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | Square Inc |

RUARK VS SQUARE INC [EFILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2019-00024742-CU-BT-CTL |
|---|---|

## CASE ASSIGNMENT

Judge: Gregory W Pollack                                    Department: C-71

## COMPLAINT/PETITION FILED: 05/14/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/18/2019 | 01:30 pm | C-71 | Gregory W Pollack |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

## NOTICE OF CASE ASSIGNMENT