JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
BRYAN H. HECKENLIVELY (State Bar No. 279140)
bryan.heckenlively@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

JENNIFER L. BRYANT (State Bar No. 293371)
jennifer.bryant@mto.com
SARA A. McDERMOTT (State Bar No. 307564)
sara.mcdermott@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for SQUARE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. TRENT RUARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SQUARE, INC., a Delaware corporation; Does 1-10,<br><br>Defendants. | Case No. 3:19-cv-01196-GPC-KSC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SQUARE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[PUBLIC – REDACTED]**<br><br>Filed Concurrently with Notice of Motion and Motion; Mem. P. & A.; Blavin Decl.; Brady Decl.; Motion to Seal<br><br>Judge:  Hon. Gonzalo P. Curiel<br>Date:    November 15, 2019<br>Time:   1:30 p.m.<br>Crtrm.: 2D |

## I. INTRODUCTION

Pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201, Defendant Square, Inc. ("Square") respectfully requests that this Court take judicial notice of the following documents in support of Square's Motion to Dismiss:

- **Exhibit 1** to the Declaration of Megan Brady in Support of Square, Inc.'s Motion to Dismiss ("Brady Declaration"), filed concurrently: Receipt from ▮▮▮▮ dated May 3, 2019.

- **Exhibit A** to the Declaration of Jonathan H. Blavin in Support of Square, Inc.'s Motion to Dismiss ("Blavin Declaration"), filed concurrently: List of treatments and services available at ▮▮▮▮ also available at ▮▮▮▮ (last visited July 22, 2019).

## II. ARGUMENT[1]

### A. The Court May Consider Exhibit 1 Under the Incorporation By Reference Doctrine

Exhibit 1 is the May 3, 2019 receipt that Plaintiff alleges was misdirected to his friend. (*E.g.*, Compl. ¶ 21.) The Court may take notice of this receipt under the incorporation-by-reference doctrine. On a motion to dismiss, a district court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.*; *see also*, *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (noting that a court "may treat such . . . document[s] as part of

---

[1] Square's Motion can and should be granted regardless of whether the Court takes judicial notice of the above exhibits. But in the event the Court would find consideration of these documents useful, it may do so under the law of this Circuit.

the complaint, and thus may assume that [their] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)" (citations omitted).)

Exhibit 1 meets this requirement. Plaintiff's receipt forms the basis for Plaintiff's core factual allegations in this case—which is entirely about a misdirected receipt. For example, in paragraph 21 of the complaint, Plaintiff alleges that when he "paid for a medical service using Square's credit card processing on May 3, 2019, the invoice was sent *via* text message to Plaintiff's friend." (Compl. ¶ 21.) It was Square's alleged failure "to secure this electronic communication" or "get a person's consent to send this information in the first place" (*id.*) that "forms the basis" for the four claims alleged in the complaint, *Ritchie*, 342 F.3d at 908. (*See also* Compl. ¶¶ 13–16, 20, 24 (discussing Square's "Automatic Receipt" practices"); ¶¶ 40–41 (allegedly misdirected receipt constituted a violation of California Civil Code sections 1798.8.5 and 1798.82); ¶ 52 (alleging negligent release of medical information that violated California Civil Code section 56.11); ¶ 57 (alleging Square's "acts and practices, as alleged in [the] complaint" violated the UCL); ¶ 73 (alleging that an unauthorized individual accessed Plaintiff's personal health information due to Square's purported negligence).)

This Court can and should consider the contents of Exhibit 1 in deciding Square's motion to dismiss, as the receipt is fully incorporated into the complaint by reference and is central to Plaintiff's allegations. *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (incorporating "surrounding web pages" related to the specific representations cited in the complaint where the web pages were needed for context, even though the plaintiff did not specifically allege the contents of those web pages in the complaint); *Lopez v. Stages of Beauty, LLC*, 307 F. Supp. 3d 1058, 1064 (S.D. Cal. 2018) (granting judicial notice of receipt the plaintiff referenced and relied upon in the complaint, where "Plaintiff deliberately omits the receipt he received for the product" in complaint).

|   |   |
|---|---|
| 1 | Consideration of the receipt serves the core purpose of the incorporation-by- |
| 2 | reference doctrine: to "prevent plaintiffs from selecting only portions of documents |
| 3 | that support their claims, while omitting portions of those very documents that |
| 4 | weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d |
| 5 | 988, 1002 (9th Cir. 2018); *see also In re Easysaver Rewards Litig.*, 737 F. Supp. 2d |
| 6 | 1159, 1166 (S.D. Cal. 2010) ("One purpose of the rule is to prevent a plaintiff from |
| 7 | quoting 'an isolated statement from a document' in the complaint, when the |
| 8 | complete document refutes the allegations."). Here, Plaintiff urges the Court to |
| 9 | believe that his confidential medical information was revealed to his friend via the |
| 10 | May 3 receipt, without attaching the receipt itself. As explained in Square's Motion |
| 11 | to Dismiss, the allegations in the complaint do not plead that any protected medical |
| 12 | information was disclosed via this receipt, and the receipt itself confirms the |
| 13 | deficiency of Plaintiff's allegations. It includes only the name and address of ▬ |
| 14 | ▬▬▬ and the amount Plaintiff was charged. Under *Eisenhower Med. Ctr. v.* |
| 15 | *Superior Court*, 226 Cal. App. 4th 430, 435 (2014), this does not amount to |
| 16 | information revealing Plaintiff's "medical history, mental or physical condition, or |
| 17 | treatment," and thus his claims lack merit. |
| 18 | Moreover, the authenticity of the receipt is not in question. The concurrently |
| 19 | filed declaration attests to the fact that this is the only receipt matching the |
| 20 | allegations of the complaint that Square has in its systems. *See* Brady Decl. ¶ 3; |
| 21 | (Compl. ¶ 21 (alleging that Plaintiff on May 3, 2019 paid for a medical service using |
| 22 | Square's "credit card processing" services)). Courts routinely take judicial notice of |
| 23 | sales receipts where the receipt is alleged and at issue in the case. *See Lopez*, 307 F. |
| 24 | Supp. 3d at 1064 (granting judicial notice of receipt where "Plaintiff deliberately |
| 25 | omits the receipt he received for the product" in complaint); *Sperling v. DSW Inc.*, |
| 26 | No. EDCV 15-1366-JGB (SPx), 2015 WL 13309476, at *1 n.1 (C.D. Cal. Nov. 19, |
| 27 | 2015) (taking judicial notice of "receipt" of "transaction" as a "document |
| 28 | incorporated by reference in the FAC"); *Silva v. Unique Beverage Co., LLC*, No. |

1 3:17-cv-00391-HZ, 2017 WL 4896097, at *4 n.3 (D. Or. Oct. 30, 2017) (taking
2 judicial notice of receipt under incorporation by reference doctrine where plaintiff
3 alleged she "paid too much").

      **B.    The Court May Consider Exhibit A As It Is a Publicly Available Webpage Whose Contents Are Not Subject to Dispute**

6       Exhibit A is a publicly available webpage whose contents are not subject to
7 reasonable dispute. It is a webpage from the ▮▮▮▮▮ website that lists
8 the offered services and treatments by ▮▮▮▮▮.
9       Under Federal Rule of Evidence 201(b)(2), a court may take judicial notice of
10 a fact "not subject to reasonable dispute because it . . . can be accurately and readily
11 determined from sources whose accuracy cannot reasonably be questioned." *Id.*
12 Courts in this circuit routinely take judicial notice of websites and their contents.
13 *See, e.g.*, *Knievel*, 393 F.3d at 1076–77; *Matthews v. Nat'l Football League Mgmt.*
14 *Council*, 688 F.3d 1107, 1113 n.5 (9th Cir. 2012) (statements on NFL website);
15 *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking
16 judicial notice of LinkedIn "screen [that] appears between two screens cited" in
17 complaint but omitted by plaintiffs); *Wagner v. Terumo Med. Corp.*, No.
18 18CV1007-MMA (MSB), 2018 WL 6075951, at *3 (S.D. Cal. Nov. 21, 2018) (list
19 of locations on Terumo's website); *Ayala v. Cty. of Imperial*, No. 15CV397-LAB
20 (NLS), 2017 WL 469016, at *2 (S.D. Cal. Feb. 3, 2017) (statements on DEA's
21 website).
22       The list of services and treatments on the ▮▮▮▮▮ website (the
23 website for the ▮▮▮▮▮ referenced in Plaintiff's receipt) is publicly
24 available and not subject to reasonable dispute. Accordingly, the Court should grant
25 judicial notice.

### III. CONCLUSION

Pursuant to the doctrine of incorporation by reference and Federal Rule of Evidence 201, and for the reasons stated above, the Court should take judicial notice of Exhibit 1 to the Brady Declaration and Exhibit A to the Blavin Declaration.

DATED: August 2, 2019                    MUNGER, TOLLES & OLSON LLP

By: /s/ Jonathan H. Blavin
   JONATHAN H. BLAVIN
   BRYAN H. HECKENLIVELY
   JENNIFER L. BRYANT
   SARA A. McDERMOTT

Attorneys for SQUARE, INC.