JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
BRYAN H. HECKENLIVELY (State Bar No. 279140)
bryan.heckenlively@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

JENNIFER L. BRYANT (State Bar No. 293371)
jennifer.bryant@mto.com
SARA A. McDERMOTT (State Bar No. 307564)
sara.mcdermott@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for SQUARE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. TRENT RUARK, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>SQUARE, INC., a Delaware corporation; Does 1-10,<br><br>  Defendants. | Case No. 3:19-cv-01196-GPC-KSC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Filed Concurrently with Mem. P. & A.; Request for Judicial Notice; Blavin Decl.; Brady Decl.; Motion to Seal<br><br>Judge:  Hon. Gonzalo P. Curiel<br>Date:   December 13, 2019<br>Time:   1:30 p.m.<br>Crtrm.:  2D |

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on December 13, 2019, at 1:30 p.m., before the Honorable Gonzalo P. Curiel, in Courtroom 2D at 221 West Broadway, San Diego, California, 92101, Defendant Square, Inc. ("Square") will and hereby does move the Court for an order dismissing Plaintiff's complaint without leave to amend. This motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on numerous independent grounds.

First, Plaintiff fails to state a claim under California's Confidentiality of Medical Information Act, Cal. Civ. Code § 56 et seq. ("CMIA"). Plaintiff does not—and cannot—allege the disclosure of protected "medical information" protected by CMIA. In addition, Plaintiff fails to allege that Square is subject to CMIA at all.

Second, Plaintiff fails to state a claim under the California Customer Records Act, Cal. Civ. Code § 1798.80 et seq. ("CRA"). Plaintiff fails to allege a non-speculative, cognizable injury, and fails to allege that he is a "customer" of Square, meaning he cannot meet CRA's statutory standing requirement. And similar to his CMIA claim, Plaintiff does not allege that the relevant receipt contained any medical information or other protected personal information as defined by the CRA. Also, the CRA and CMIA are mutually exclusive remedies; yet, Plaintiff has not alleged them in the alternative. Finally, Plaintiff does not allege that Square delayed *at all* in notifying him of any alleged breach, let alone unreasonably.

Third, Plaintiff fails to state a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL") because Plaintiff fails to allege any nontrivial, cognizable loss of money or property as a result of Square's alleged conduct, meaning he cannot meet the statutory standing requirements of Cal. Bus. & Prof. Code § 17204. To the extent the UCL claim is premised on violations of CMIA or the CRA, it fails for the same reasons set forth above. Moreover, to the extent that Plaintiff's UCL claim is predicated on alleged violations of the federal

Health Insurance Portability and Accountability Act ("HIPAA"), the claim must fail because the provisions Plaintiff relies on do not apply to Square in this case.

Fourth, Plaintiff fails to state a claim for breach of contract. Although Plaintiff alleges that Square's Business Associate Agreement ("BAA") incorporates certain HIPAA obligations, as with the UCL claim, those obligations do not apply to Square's payment processing activities, the only conduct alleged here. Moreover, Plaintiff cannot enforce the BAA because Square did not enter into the agreement with him, and he is not an intended third-party beneficiary under the agreement. Finally, Plaintiff's alleged injury is no more cognizable on a breach of contract theory than on any of his other theories.

Fifth, Plaintiff fails to plead any nonspeculative harm in support of his negligence claim; and, under California's economic loss rule, any conceivable losses Plaintiff suffered are not recoverable on a negligence theory.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Request for Judicial Notice, Declaration of Jonathan H. Blavin, and Declaration of Megan Brady filed herewith, any hearing on this motion, the complete files and records in this action, and such additional matters as the Court may consider.

DATED: September 27, 2019         MUNGER, TOLLES & OLSON LLP


By:   */s/ Jonathan H. Blavin*
      JONATHAN H. BLAVIN
      BRYAN H. HECKENLIVELY
      JENNIFER L. BRYANT
      SARA A. McDERMOTT

      Attorneys for SQUARE, INC.

-2-   Case No. 3:19-cv-01196-GPC-KSC
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT